UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEISHA JACKSON, ET AL. | CIVIL ACTION |
| VERSUS | NO: 26-02036 |
| DARRELL WATTS, ET AL. | SECTION: T (1) |

## ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiff, Keisha Jackson ("Jackson"). R. Doc. 6. Defendant, AXA Insurance Company ("AXA"), opposes the motion. *See* R. Doc. 12. Plaintiff has filed a reply in support of her motion. R. Doc. 13. For the following reasons, the motion to remand is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an automobile accident that occurred on August 16, 2019, between Jackson and Darrell Watts ("Watts"), who was acting within the course and scope of his employment with Core Laboratories, LP ("Core"). On August 6, 2020, Jackson and Mark Gilmore ("Gilmore"), individually and on behalf of their minor child, filed suit in the Civil District Court for Orleans Parish against Watts, Core, and Zurich American Insurance Company ("Zurich"), Core's primary insurer. [1]

On March 20, 2025, Jackson filed a First Supplemental and Amended Petition adding AXA as a defendant under an excess liability policy insuring Core and Watts. R. Doc. 6-1 at 2; R. Doc. 12 at 3.

Jackson and AXA settled their claims during mediation on September 3, 2025. R. Doc. 6-

---

[1] Gilmore's individual claims were dismissed on February 8, 2021. Gilmore's claims as tutor of his minor child were dismissed on March 26, 2024. On that same day, the court also dismissed the claims of Marneisha Gilmore, who was now of the age of majority. This left Jackson as the only remaining plaintiff. *See* Rec. Doc. 11-2.

1 at 2. Jackson subsequently settled with Zurich on September 22, 2025. *Id.* AXA admits payment under the settlement agreement was due on October 22, 2025. R. Doc. 12 at 4. On November 13, 2025, after not having received AXA's payment, Jackson filed a motion to enforce settlement and for penalties, attorneys' fees, and costs pursuant to La. R.S. § 22:1892. R. Doc. 6-1 at 3. AXA wired the settlement funds to Jackson's counsel on November 17, 2025. R. Doc. 12 at 4.

In response to Jackson's motion, on January 20, 2026, AXA filed a dilatory exception of unauthorized use of summary proceeding. *Id.* The state court held a hearing on February 6, 2026. *Id.* On April 6, 2026, the state court issued a judgment overruling AXA's exception but permitting discovery on Jackson's claim for penalties, attorneys' fees, and costs. *Id.*; R. Doc. 11-5 at 41. AXA moved for reconsideration and the state court held another hearing on April 29, 2026, where the state court sustained AXA's exception while allowing discovery to proceed. R. Doc. 6-1 at 3; R. Doc. 12 at 5 n.19.

On June 29, 2026, Jackson dismissed Watts, Core, and Zurich with prejudice. R. Doc. 6-1 at 3. On August 13, 2026, Jackson filed a second motion for penalties, attorneys' fees, and costs. R. Doc. 6-1 at 4; R. Doc. 12 at 6. AXA removed the case on September 11, 2026, and filed an amended notice of removal on September 14, 2026. R. Docs. 1, 4. On September 17, 2026, Jackson moved to remand. R. Doc. 6. AXA opposes the motion. R. Doc. 12.

## LAW AND ANALYSIS

### I. Legal Standard

Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts should determine whether subject-matter jurisdiction is present before addressing other issues. *Ramming v. United States*, 281 F.3d 158, 161

(5th Cir. 2001) (citation omitted). Because a defendant's invocation of the removal statute "deprives a state court of a case properly before it and thereby implicates important federalism concerns[,]" *id.*, federal courts must construe § 1441 strictly and "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Gregoire v. Enter. Marine Servs., LLC*, 38 F. Supp. 3d 749, 764 (E.D. La. 2014) (quoting *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 380 (1959)).

Under 28 U.S.C. § 1446, a defendant may remove a civil action filed in state court if the plaintiff could have brought the action in federal court from the outset. The removing party bears the burden of showing that federal jurisdiction exists. *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995). A federal court must resolve any ambiguities regarding whether removal jurisdiction is proper against federal jurisdiction and in favor of the party seeking remand. *See, e.g., Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted) ("[A]ny doubt about the propriety of removal must be resolved in favor of remand."). Remand is proper at any time the Court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony, and/or live testimony concerning the facts underlying the citizenship of the parties. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *Jones v. Landry*, 387 F.2d 102 (5th Cir. 1967). "The jurisdictional facts that support removal must be judged at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000).

Under 28 U.S.C. § 1446(b), a defendant must generally remove within 30 days of receiving a removable pleading. *See Boudreaux v. State Farm Mut. Auto. Ins. Co.*, No. 21-CV-2874, 2022

WL 2352333, at *2 (W.D. La. June 7, 2022), *report and recommendation adopted,* No. 21-CV-2874, 2022 WL 2347162 (W.D. La. June 28, 2022) (citing 28 U.S.C. § 1446(b)(3)) ("When the initial pleadings do not provide grounds for removal, defendants may remove the action 'within 30 days after receipt ... of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable.'"). However, when removal is based on diversity jurisdiction under 28 U.S.C. § 1332, the "action may not be removed more than one year from its commencement unless the district court finds that the plaintiff acted in bad faith in order to prevent removal." *Id.* (citing 28 U.S.C. § 1446(c)(1)).

Here, AXA seeks removal based on diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists in civil cases where the parties are citizens of different states and the amount in controversy exceeds $75,000 excluding costs and interest. 28 U.S.C. § 1332(a)(1). The "burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

## II. Timeliness of Removal

The question before this Court is whether AXA timely removed the case. AXA contends its removal was timely because it removed within 30 days of Jackson's August 13, 2026, motion seeking penalties, attorneys' fees, and costs. AXA argues that this motion was the first filing from which removability could be ascertained. R. Doc. 4, pp. 8–9.

Jackson argues removal is barred by the one-year limitation of 28 U.S.C. § 1446(c)(1) because the state court action commenced on August 6, 2020.

### A. Jackson's Motion Did Not Commence a New Action

AXA attempts to avoid the plain language of 28 U.S.C. § 1446(c)(1) by asserting that

Jackson commenced a "new action" against it on August 13, 2026, when Jackson filed her motion seeking penalties, attorneys' fees, and costs. R. Doc. 12, p. 6.

AXA relies on Louisiana Code of Civil Procedure art. 421, which defines an "action" as "a demand for the enforcement of a legal right" that is "commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction." R. Doc. 12, p. 8. That argument overlooks Louisiana authority recognizing that multiple judicial demands may arise within the same action. *Mehta v. Baton Rouge Oil co., Inc.*, 1999-1773 (La. App. 1 Cir. 9/22/00), 768 So. 2d 243, 245 (emphasis added) ("[T]he original judicial demand [may not] be the only demand filed in the proceeding. There may be many … other demands which emanate from the original demand **in the same action**. Such demands … must be classed as judicial demands, even though **they are not** the first demand or the **original action**."); *see also Boudreaux*, 2022 WL 2352333, at *4 (internal quotations and citations omitted) ("[A]n Action … may conclude with more than one demand.").

*Mehta* makes clear that an "action" may encompass many "demands" and distinguishes those other demands from the "first demand or the original action." *Mehta*, 768 So. 2d 245.

AXA's reliance on *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801 (5th Cir. 2006) is also misplaced. *Braud* involved the Class Action Fairness Act ("CAFA"), which expressly exempts qualifying class actions from the one-year limitation of 28 U.S.C. § 1446(c)(1). *Id.* at 806 ("[U]nder CAFA a new defendant may remove regardless of whether it was added more than one year after the original complaint was filed in state court."). *Id.* at 806; *see also* 28 U.S.C.A. § 1453 (emphasis added) ("A class action may be removed to a district court of the United States in accordance with section 1446 (except that the **1-year limitation** under section 1446(c)(1) **shall not apply**)[.]").

In *Mendoza v. Old Republic Ins. Co.*, No. CV 18-7031, 2018 WL 5292365, at *3 (E.D. La. Oct. 25, 2018) the Court noted CAFA's exception to the one-year limitation does not apply to a non-CAFA case. *Id.* at *3 (quotation omitted) (citing *Loyola Univ. New Orleans v. MAPP Constr. Inc.*, No. 10-934, 2010 WL 11538698, at *3 (E.D. La. May 6, 2010)). The Court held that "[b]ecause this lawsuit commenced when it was filed in state court in 2011, the instant removal is untimely. The fact that the AIG Defendants were added seven years later does not alter the Court's analysis of 'commencement of the action.'" The Court further noted "[i]n cases not initially removable, the one year limitation applies even if new defendants are added or new claims are asserted." *Id.* (citations omitted).

"In the Fifth Circuit, the 'default rule under Louisiana law is that, absent special circumstances, a **suit is commenced only at the time the original petition is filed** in a court of competent jurisdiction.'" *Boudreaux*, 2022 WL 2352333, at *4 (emphasis added) (citing *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 273 (5th Cir. 2009)). "The exception to the 'default rule' … occurs when a new pleading **adds a new defendant and** the **allegations as to that defendant are sufficiently distinct** from those in the original pleading that they constitute a wholly new demand as to that new defendant." *Id.* (emphasis added) (citing *Abshire*, 574 F.3d at 273–74). "Any such precedent must be construed narrowly because 'Congress made clear that the one-year limitation is intended to prevent defendants from removing state court actions after substantial litigation has progressed in state court.'" *Id.* (citing *Holleman v. Golden Nugget Lake Charles, LLC*, No. 2:19-00477, 2019 WL 5855770, at *4 (W.D. La. Nov. 6, 2019)).

**B. Jackson's Penalty Claim is Derivative of the Original Action**

Jackson added AXA as a defendant on March 20, 2025, as the excess liability insurer for Watts and Core. R. Doc. 6-1, p. 2. Following settlement, AXA did not timely remit payment,

prompting Jackson to seek statutory penalties, attorneys' fees, and costs under La. R.S. § 22:1892.

AXA asserts that Jackson needs to amend her complaint or file a new lawsuit to seek recovery of penalties, attorneys' fees, and costs and that she cannot seek such penalties through a motion. R. Doc. 12, p. 5. Defendant, however, cites no law in support of its assertion. The Court, however, has found numerous examples where statutory penalties were sought via motion. *See Bridges v. Chubb Indem. Ins. Co.*, 24-593, pp. 6–7 (La. App. 5 Cir. 7/2/25), 420 So. 3d 71, 78 (holding a "hearing on the penalty motion"); *Katie Realty, Ltd. v. Louisiana Citizens Prop. Ins. Corp.*, 2012-0588, p. 3 (La. 10/16/12), 100 So. 3d 324, 327 (appealing statutory penalties awarded based on plaintiff's motion to enforce settlement and assess penalties); *Chateau Living Ctr., L.L.C. v. Hanover Ins. Co.*, No. CIV.A 06-3211, 2008 WL 4432368, at *1 (E.D. La. Sept. 25, 2008) (filing motion in existing litigation to enforce settlement and seeking statutory penalties); *Grant-Walker v. Gen. Ins. Co. of Am.*, 2018-0094, p. 2 (La. App. 1 Cir. 7/3/19) (same); *Culotta v. Acadiana Pest Control, Inc.*, 2025-522, p. 1 (La. App. 3 Cir. 3/4/26), 431 So. 3d 677, *reh'g denied* (May 13, 2026), *writ denied,* 2026-00765 (La. 9/22/26), 439 So. 3d 109 (same).

AXA wants this Court to consider Jackson's motion a new action so that its removal is timely. This Court has previously found that seeking penalties for bad faith failure to pay an insurance claim, in violation of La. R.S. § 22:1892 is derivative of the plaintiff's main claim. *Johnson v. Am. Sec. Ins. Co.*, 650 F. Supp. 3d 483, 487–88 (E.D. La. 2023); *see also Kosak v. Louisiana Farm Bureau Cas. Ins. Co.*, 2020-0222, p. 11 (La. App. 1 Cir. 12/10/20), 316 So. 3d 522, 530–31 (citation omitted) ("[T]o recover under … La. R.S. 22:1892, a plaintiff must first have a valid, underlying, substantive claim upon which insurance coverage is based…. The penalties authorized by these statutes do not stand alone; they do not provide a cause of action against an insurer absent a valid, underlying insurance claim.").

Jackson's request for penalties arises directly from AXA's handling of the settlement of the underlying negligence action. Thus, Jackson's motion for penalties, attorneys' fees, and costs remains a part of that same action and does not constitute a new proceeding.

**C. AXA's Removal was Untimely**

The lawsuit commenced in August of 2020. Although AXA was added as a defendant in 2025 and complete diversity did not exist until June 29, 2026, when Watts was dismissed, the one-year limitation of 28 U.S.C. § 1446(c)(1) had long since lapsed. AXA does not contend that Jackson joined Watts as a defendant in the case in bad faith to prevent removal. To the contrary, Watts was a key defendant because he was the driver of the vehicle that collided with Jackson's vehicle.

Because AXA removed the case well over one year after the action commenced, AXA's removal is untimely under 28 U.S.C. § 1446(c)(1).

**CONCLUSION**

Jackson's claim for penalties, attorneys' fees, and costs under La. R.S. § 22:1892 is derivative of the underlying negligence action and does not constitute a separate action for removal purposes. Thus, because the suit commenced in August 2020, and AXA removed it more than one year later, AXA has not met its burden to establish removal was timely.

Accordingly,

**IT IS ORDERED** that the motion to remand (R. Doc. 6) is **GRANTED**, and this case is hereby remanded to the Civil District Court for Orleans Parish.

New Orleans, Louisiana, this 16th day of November 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE